IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 23-1481 |
| Plaintiff, | ) | District Court Case No. |
| | ) | 2:21-cv-12570 |
| v. | ) | |
| | ) | |
| JAMES J. KELLY, JR., | ) | |
| Defendant. | ) | |

_____ ///

## DEFENDANT'S EMERGENCY MOTION TO DELAY ENFORCEMENT OF CONTEMPT ORDER FOR 14 DAYS

Defendant, by his attorney, pursuant to Fed. R. Appellate P. 27, respectfully states as follows for his Emergency Motion to Delay Enforcement of Contempt Order for 14 Days:

### Introduction

1. The Defendant is the subject of an order from the district court dated January 3, 2024, requiring him to repatriate the contents of his overseas bank account.

2. Defendant has sought to stay that requirement, both through good faith motion and by unsuccessfully attempting to secure a stay bond, to avoid

the substantial cost associated with liquidation and transfer of the account.

3. Having been unsuccessful in obtaining a stay without a bond or even a bond, on January 2, 2024, Defendant instructed his account manager to provide the documents required to liquidate the contents of the account and repatriate the proceeds.  (See attached Exhibit A.)

4. Despite the instructions referenced in paragraph 3 above, at a show cause hearing on January 3, 2024, the district court required that Defendant complete repatriation of the overseas funds by January 5, 2024 or surrender himself to the United States Marshal.  (RE No. 97.)

5. Defendant reasonably believes that liquidation of the account, which contains equities and foreign currencies (both Swiss francs and Euros), and repatriation through transfer to the a bank in Michigan, will take no less than 10-14 days.  (See attached Exhibit B.)

6. Two days to repatriate is impossible and confinement in the event Defendant is unable to complete that impossible task is unreasonable.

7. Accordingly, Defendant respectfully requests that this Court delay enforcement of the district court's deadline to repatriate or surrender by fourteen (14) days, to January 19, 2024.

## **Background**

8. This case involves penalties (not taxes) owing from the Defendant to the Plaintiff for Defendant's failure to file FBAR forms with the IRS relative to a single overseas bank or investment account.

9. The district court entered judgment in favor of Plaintiff and against Defendant on May 2, 2023, in the amount of $929,904.94 ("Judgment"). (See RE No. 61.) The Judgment followed the district court's entry of summary judgment in favor of Plaintiff on Count I of the Complaint, finding that Defendant "willfully" failed to file FBAR (tax related) forms relative to the overseas account for the years 2013-2015. (See RE No. 60.)

10. Defendant filed his notice of appeal on or about May 30, 2023, appealing the district court's judgment and ruling to this Sixth Circuit Court of Appeals.

11. On or about May 31, 2023, Defendant filed a motion for stay of proceedings and waiver of bond in the district court. The district court denied the request for stay and ordered repatriation of Defendant's overseas assets, on or about October 23, 2023.

12. As of November 27, 2023, the district court required repatriation by December 1, 2023.

13. Defendant then requested of this Court of Appeals a stay of repatriation without a bond and pending appeal.

14. This Court denied the stay request on November 30, 2023.

15. At a status hearing in the district court on December 7, 2023, the Plaintiff requested a show cause order relative to Defendant's alleged contempt of court (for failure to timely repatriate), as well as tender of Defendant's passport.

16. Defendant timely submitted his passport to the clerk of the district court, on December 8, 2023.

17. Since the date of entry of the judgment in this case Defendant has sought a stay without a bond as well as a bond to secure a stay. Quotes for bonds have been both extremely expensive and required substantial collateral.

18. Further, the overseas account underlying this matter is not available for use as collateral, as the content of that account is frozen and not subject to encumbrance due to the preliminary injunction freezing Defendant's asset entered into by consent at the outset of this case.

19. Defendant nevertheless has sought in good faith to locate collateral and secure the requisite bond. That effort remained underway as of the date of the show cause on January 3, 2024.

20. As of the date of this Motion, Defendant retains an overseas account with assets in the approximate amount of $1,550,000 (USD).

21. Defendant is proceeding with his right to an appeal.  Defendant respectfully submits that, based upon the overseas account and the existing injunction against withdrawal, the appeal could proceed to resolution without any prejudice or risk to the Plaintiff.  Security in a form other than a bond already exists.

## The Contempt Order Requiring The United States Marshal To Take Defendant Into Custody

22. Despite the foregoing, at the show cause hearing on January 3, 2024, the district court found Defendant in contempt of court for failure to repatriate his overseas account by dates previously ordered.  (RE No. 97.)

23. The district court imposed a fine of $100 per day until funds are repatriated, to commence on January 5, 2024.

24. More importantly, at the same hearing on January 3, 2024, the district court provided Defendant only until Friday, January 5, 2024, to complete repatriation of the funds or surrender himself to the United States Marshal.  Completing repatriation means the funds have been transferred to a bank in Michigan.

25. On January 2, 2024, one day before the show cause hearing in the district court, the Defendant instructed his overseas account manager to provide whatever papers are necessary to liquidate the offshore account for purposes of repatriation.  Liquidation and transfer of the account requires paperwork pursuant to the bank's requirements, as well as additional time to liquidate (the account contains equities and European currencies in the portfolio)(see attached).

26. It is fundamentally unfair and unreasonable to not allow Defendant sufficient time to liquidate and transfer the account prior to placing the Defendant into custody.

27. While the district court concluded that the Defendant had had sufficient time to commence and complete the repatriation process prior to providing his overseas account manager with instructions on January 2, 2024, Defendant had been diligently working during that period toward a bond to stay enforcement proceedings.  He did so in a good faith effort to avoid the substantial expense associated with liquidation and repatriation while this case is on appeal.

28. Accordingly, Defendant respectfully requests that this Court of Appeals delay enforcement of the portion of the contempt order requiring

Defendant be jailed on January 5, 2024, to and including January 19, 2024.

29. Defendant reasonably believes he will complete the repatriation process on or before January 19, 2024.

30. For the reasons stated above, Defendant respectfully requests entry of an order delaying enforcement of the contempt order as it relates to placing the Defendant in custody until January 19, 2024.

31. "A decision on a contempt petition is within the sound discretion of the trial court and thus is reviewed only for an abuse of discretion. Peppers v. Barry, 873 F.2d 967, 968 (6th Cir.1989). 'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.' Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir.1996) (quotation omitted), cert. denied, 522 U.S. 906, 118 S. Ct. 263, 139 L.Ed.2d 190 (1997)." Electrical Workers Pension Trust Fund v. Gary's Electric Service Co., 340 F.3d 373, 378 (6th Cir. 2003)(quotation and citations in original).

32. "A person may be held in contempt if it is shown "by clear and convincing evidence that he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." NLRB v. Cincinnati Bronze,

Inc., 829 F.2d 585, 591 (6th Cir. 1987) (citation and quotations omitted).

"With respect to civil contempt proceedings, `[j]udicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce the [individual] into compliance with the court's order, and to compensate the complainant for losses sustained.'" Gary's Elec. Serv. Co., 340 F.3d at 379 (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947))." Clarity Sports International, LLC v. Redland Sports, Case No. 2:20-mc-51484 (E.D. Mich., Oct. 25, 2021)(quotations and citations in original).

33. Here, Defendant respectfully submits that the district court abused its discretion, and that there is no purpose for the district court's order order of confinement either to coerce compliance or compensate the Plaintiff. Defendant has already been coerced, as evidenced by his instructions to the account manager dated January 2, 2024.  Plaintiff has also already been compensated through the contempt order's other component -- $100 per day until funds are in the United States.

34. Defendant respectfully submits that placing Defendant into custody while he is acting to repatriate but before the funds are physically within the United States, is punitive in nature and therefore an abuse of discretion.

Respectfully submitted,

Charles A. Haas (P14486)
33680 Five Mile Rd.
Livonia, MI  48154
313-282-0035
Attorney for Defendant
charlesahaas@yahoo.com



James Kelly
2168 Highbury Drive
Troy, MI 48085

January 02, 2024

E. Agustoni
Golden Eagle Services
Feldstrasse 5
P.O. Box 175
CH-8902 Urdof Switzerland

Mr. Agustoni,

An order of repatriation of my funds to the United States, totaling $1,100,000,
has been issued. A stay filed to block this action was unsuccessful.

Therefore, please let me know ASAP, what steps I must take to accomplish this.
I fully acknowledge liquidation of these assets held by SORA BANK AG. Account number
201.392 will incur significant financial penalties and cost but I have no choice in the matter.

Thank You for your assistance

Happy New Year.

Sincerely,

James Kelly

Exhibit B

Value at 30 November 2023

# 1. Asset distribution in CHF

**By investment categories**

| | | % | |
|---|---|---|---|
| Cash | 967'398 | 72.92 | ■■ |
| Equities incl. Funds | 359'345 | 27.08 | ■■ |
| **Total** | **1'326'742** | **100.00** | |




**By product risk classification**

| | | % | |
|---|---|---|---|
| Low (PRC 1) | 960'517 | 72.40 | ■■ |
| High (PRC 5) | 309'539 | 23.33 | ■■ |
| Medium (PRC 3) | 49'806 | 3.75 | ■■ |
| Moderate (PRC 2) | 6'880 | 0.52 | ■ |
| **Total** | **1'326'742** | **100.00** | |



**By currencies**

| | | % | |
|---|---|---|---|
| CHF | 1'010'323 | 76.15 | ■■ |
| EUR | 316'419 | 23.85 | ■ |
| **Total** | **1'326'742** | **100.00** | |

**By regions**

| | | % | |
|---|---|---|---|
| Switzerland | 1'010'323 | 76.15 | ■■ |
| Europe | 316'419 | 23.85 | ■ |
| **Total** | **1'326'742** | **100.00** | |




Sora Bank AG · Landstrasse 11 · Postfach 1528 · LI-9495 Triesen · Fürstentum Liechtenstein · Telefon +423 239 82 11 · BIC BALPLI22 · info@sorabank.com · www.sorabank.com

**sora** Banking & beyond

**sora** Banking & beyond

**Portfolio / Safekeeping account**

Value at 30 November 2023

## 2. Earnings details in CHF

**Performance (pre-tax, after fees)**

| Asset statement | Value in CHF | Value in CHF |
|---|---|---|
| Value as at 01.01.2023 | | 1195'353.60 |
| Value as at 30.11.2023 | | 1326'742.30 |
| Change in value | | 131'388.70 |
| | | |
| Deposits | 0.00 | |
| Disbursements | -7'866.48 | |
| Incoming deliveries | 0.00 | |
| Outgoing deliveries | 0.00 | |
| Balance of cash inflows/outflows | | -7'866.48 |
| Neutral results | | 1'639.10 |
| | | |
| Profit/loss | | 140'894.28 |
| Performance (TWR) | | 11.83% |

| Earnings components | Value in CHF | Value in CHF |
|---|---|---|
| Realised market success | 108'852.89 | |
| Unrealised market success | 26'558.85 | |
| Sold/purchased accrued interest | 0.00 | |
| Accrued interest difference | -13'480.00 | |
| **Real. & unreal. market success** | | 121'931.74 |
| Interest (gross) | -21.55 | |
| Coupons (gross) | 65'425.30 | |
| Dividends (gross) | 5'858.84 | |
| Other income | 0.00 | |
| **Interest, dividends & other income** | | 71'262.59 |
| Real. & unreal. foreign exchange gain or loss | | -40'763.91 |
| Trans. costs & mgmt. costs | | 0.00 |
| All-in-one fees | -11'536.15 | |
| Service charges | | |
| **Income/Performance (TWR)** | | -11'536.15 |
| | | 140'894.28 |

Sora Bank AG · Landstrasse 11 · Postfach 1528 · LI-9495 Triesen · Fürstentum Liechtenstein · Telefon +423 239 62 11 · BIC BALPLI22 · info@sorabank.com · www.sorabank.com

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 23-1481 |
| Plaintiff, | ) | District Court Case No. |
| | ) | 2:21-cv-12570 |
| v. | ) | |
| | ) | |
| JAMES J. KELLY, JR., | ) | |
| Defendant. | ) | |

_____/ ///

## **PROOF OF SERVICE**

The undersigned attorney for Defendant states and certifies that, on this 4th

day of January 2024, he caused the foregoing Emergency Motion to Delay

Enforcement of Contempt Order for 14 Days, and this Proof of Service, to be

served upon the counsel for Plaintiff, United States of America, via the Court's

electronic filing and service system.

Respectfully submitted,

Charles A. Haas (P14486)
33680 Five Mile Rd.
Livonia, MI  48154
313-282-0035
Attorney for Defendant
charlesahaas@yahoo.com